UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re:
STEVEN C. FUSTOLO
    Alleged Debtor

## AFFIDAVIT OF BRUCE W. EDMANDS, ESQ.

I, the undersigned Bruce W. Edmands, hereby depose and say:

1. I am an attorney licensed to practice law in the Commonwealth of Massachusetts.

2. I served as trial counsel representing the alleged debtor and several related entities in the Massachusetts Superior Court in a matter captioned 50 Thomas Patton Drive LLC v. Steven C. Fustolo et al, Civil Action No. CV 09-3567. 50 Thomas Patton Drive LLC is hereinafter referred to as the Plaintiff.

3. Attached hereto at **Exhibit A** is a true and correct copy of the Verified Complaint, absent its voluminous exhibits, asserting eleven causes of action.

4. At trial, the defendants challenged the usurious interest rates charged in connection with the promissory notes at issue on the grounds that the lender failed to provide timely notice of its intention to charge interest rates exceeding 20% per annum.

5. Attached hereto at **Exhibit B** is a true and correct copy of Trial Exhibit 56, an excerpted copy of a ledger sheet maintained by Mintz Levin Cohn Ferris Glovsky and Popeo PC reflecting its receipt of the proceeds of the two loans made to Revere Beach Holdings in the amounts of $1,100,000 and $400,000 respectively.

1

6. Attached hereto at **Exhibit C** is a true and correct copy of Trial Exhibits 30 and 31 reflecting the date on which the Massachusetts Attorney General's Office received usury notification letters from the lender in connection with the promissory notes at issue before the Superior Court.

7. As "requested" by the Superior Court at the end of its Memorandum of Findings and Rulings, and only because the Court rejected the Defendants' defense based on the Plaintiff's violation of the Massachusetts usury statute, the Defendants' calculations of damages as prepared by Fustolo included the usurious interest rates of 35% to 130%. Calculating the interest at the usurious rates was not an admission that the interest rates were proper, but was only done to comply with the Superior Court's directives and for no other reason.

8. Attached hereto at **Exhibit D** is a true copy of a proposed form of judgment Dated October 6, 2011 submitted to the Superior Court by counsel to Patton Drive.

9. Attached hereto at **Exhibit E** is a true copy of a cover letter and spreadsheet submitted to the Superior Court by counsel to Patton Drive dated October 21, 2009.

10. Neither of the Plaintiff's two post trial submissions concerning the proposed form of judgment were entered into evidence at trial.

11. In entering judgment, the Superior Court applied the usurious interest rates of 35% and 135% charged by the lender, 50 Thomas Patton Drive LLC in calculating the amounts awarded against the defendants.

12. The Plaintiff did not allege in the Verified Complaint nor assert in its pretrial request for findings of fact that Fustolo had executed a guaranty of the Revere

Beach Holding LLC promissory notes in the face amounts of $1.1 million and $400,000.

13. The Plaintiff did not introduce at trial any documentary evidence to support the existence of any personal guaranty or other contractual liability of Fustolo in connection with the Revere Beach Holdings, LLC Notes.

14. The Superior Court's Memorandum of Findings and Rulings contains no findings that Fustolo executed a personal guaranty of the two Revere Beach Holdings LLC promissory notes or that Fustolo was personally liable on those obligations for any other reason.

15. The Defendant filed a timely notice of appeal challenging the damages awarded by the Court against Mr. Fustolo.

16. Attached hereto at **Exhibit F** is a true copy of the Withdrawal of the Motion for Stay.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON _____.

_____
BRUCE W. EDMANDS

3