UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| STEVEN C. FUSTOLO, ) | Case No. 13-12692-JNF |
| ) | |
| Debtor. ) | |

**CHAPTER 7 TRUSTEE'S PARTIAL OPPOSITION TO MOTION
TO COMPEL ABANDONMENT OF RESIDENTIAL CONDOMINIUMS,
TO PAY ACCRUED COSTS TO DATE OF ABANDONMENT, AND
TO REPAIR HEALTH AND SAFETY CODE VIOLATIONS IN THE CONDOMINIUMS**

Harold B. Murphy (the "Trustee"), Chapter 7 Trustee of the bankruptcy estate (the "Estate") of Steven C. Fustolo (the "Debtor"), hereby responds to the *Debtor's Motion to Compel Abandonment of Residential Condominiums, to Pay Accrued but Unpaid Costs Incurred by Trustee to Date of Abandonment, and to Repair Health and Safety Code Violations in the Condominiums* [docket no. 127] (the "Motion to Compel"). In support of this response (the "Response") the Trustee states as follows:

### BACKGROUND

1. On May 6, 2013 (the "Petition Date"), 50 Thomas Patton Drive, LLC, The Patriot Group, LLC and Richard Mayer commenced a bankruptcy proceeding by filing an involuntary petition against the Debtor for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code").

2. On December 16, 2013, the Court entered an order for relief under Chapter 7 of the Bankruptcy Code.

3. On or about December 19, 2013, the Trustee was duly appointed as Chapter 7 Trustee of the Estate.

1

4.      The Debtor owns four (4) residential condominiums located at 115 Salem Street, Boston Massachusetts (collectively the "Condos").  The condominium units are numbered 11, 13, 14, and 15 (each a "Unit").  Units 11 and 15 are each approximately 350 square-foot, one-bedroom condominiums (the "One Bedroom Units") and Units 13 and 14 are each approximately 550 square-foot, two-bedroom condominiums (the "Two Bedroom Units").

5.      The Trustee conducted the initial Section 341 meeting of creditors on January 19, 2014.  At that meeting, the Trustee requested that the Debtor produce, among other things, loan documents, evidence of indebtedness, and rent rolls.  The meeting of creditors was continued to May 9, 2014 pending furtherance of the Trustee's investigation.

6.      The Trustee also sought access to the Condos to assist in obtaining estimates of value for each Condo and to assess the condition of the Condos.   Because of tenant occupancies, the Trustee has heretofore only been given access to the One Bedroom Units.

7.      The Debtor's cooperation in responding to the Trustee's inquiries and requests has been inconsistent.  While the promissory notes were delivered on or about February 12, 2014, the rent rolls were not received until April 30, 2014.   Shortly after his appointment, the Trustee requested that all rents be turned over to the Trustee.  On January 6, 2014 Debtor paid to the Trustee the sum of $4,850, representing the January rents for Units 11, 14, and 15.  Despite repeated requests, the Debtor withheld the rents collected from Unit 13 for January and from Units 11, 14, and 15 for February and March until March 13, 2014.  The April rents were not turned over until April 29, 2014, and the Debtor continues to withhold the May rents as of the date of this Response.

8.      Unit 11, a One Bedroom Unit, has been vacant since the end of March 2014 and the tenant in Unit 13, a Two Bedroom Unit, has withheld rents since January 2014.

### FINDINGS AND RELIEF REQUESTED

### I. Requested Abandonment of Condos

9. Based upon his investigation to date, the Trustee has determined that the One Bedroom Units are subject to first liens by institutional lenders, and that the value of each One Bedroom Unit is likely to be insufficient to satisfy the amounts owing to first lienholders and the associated costs of selling such Units. Accordingly, the Trustee has, contemporaneously with the filing of this response, filed a notice of intent to abandon Units 11 and 15 in accordance with 11 U.S.C. § 554 as being of inconsequential value to the Estate.

10. The Trustee has not completed his investigation with respect to the Two Bedroom Units. The values of each of the Two Bedroom Units appear to be substantially in excess of the amounts due to the respective first lienholders.[1] The Two Bedroom Units are subject to a junior lien granted on or about January 18, 2008 to Jodi DiLorenzo, having an address at 484 Revere Beach Boulevard, Revere, Massachusetts 02151 ("DiLorenzo") to secure payment of a promissory note dated October 31, 2007 executed by 115 Salem Street Realty, LLC and delivered to Republic Exchange Company as Qualified Intermediary for Jodi DiLorenzo, Trustee of the 527 Revere Beach Boulevard Trust in the principal amount of $489,000.[2] The Trustee requires additional information respecting the alleged liens asserted by DiLorenzo against the Two Bedroom Units including, without limitation, evidence of amounts advanced to the Debtor, the Debtor's business and lending relationship with DiLorenzo, payment history on the loans, and the existence and value of any other collateral securing the asserted indebtedness. Because

---

[1] Upon information and belief, Unit 13 is encumbered by a first mortgage granted to Union Capital to secure an obligation in the amount of $283,500 and has an estimated value of $375,000. Unit 14 is also encumbered by a first mortgage granted to Union Capital securing an obligation in the amount of $283,500 and has an estimated value of $390,000.
[2] The Debtor guaranteed the promissory note.

the Trustee's investigation remains incomplete as to the Two Bedroom Units, no cause exists to compel the Trustee to abandon these Units.

## II. Requested Payment of Condo Expenses

11. Pursuant to Section 541(a)(6) of the Bankruptcy Code, the rents collected with respect to the Condos constitute property of the Bankruptcy Estate. No liens have been asserted against the rents, and the Trustee is entitled to retain the rents for distribution to creditors.

12. The Debtor's request for payment of expenses associated with the Condos is objectionable on several grounds. Rent is currently not being paid on two of the four Units. The Trustee has not yet been provided access to the Two Bedroom Units to assess the condition of those Units. No evidence has been presented as to whether the matters allegedly requiring repair were incurred prior to the Petition Date, during the period between the Petition Date and the entry of the order for relief, or since the entry of the order for relief. No proofs of claim have been filed and the Debtor has not demonstrated any standing to assert such claims. With respect to any costs incurred by the condominium association, the association may assert a super-priority lien for up to six (6) months of condominium fees pursuant to the provisions of M.G.L. c. 183A § 6(c).

[The remainder of this page is intentionally left blank.]

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order authorizing the abandonment of the One Bedroom Units and otherwise denying the Motion to Compel.

        HAROLD B. MURPHY,
        CHAPTER 7 TRUSTEE,

        By his attorneys,

        /s/ Michael K. O'Neil
        Andrew G. Lizotte (BBO No. 559609)
        Michael K. O'Neil (BBO No. 685025)
        MURPHY & KING, Professional Corporation
        One Beacon Street
        Boston, Massachusetts 02108-3107
        Tel: (617) 423-0400
        Email: mko@murphyking.com

DATED:  May 6, 2014

*668689*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) ) | |
| STEVEN C. FUSTOLO, | ) ) ) | Chapter 7 Case No. 13-12692-JNF |
| Debtor. | ) ) ) | |

**CERTIFICATE OF SERVICE**

    I, Michael K. O'Neil, hereby certify that on May 6, 2014, I caused a copy of the *Notice of Abandonment of Property of the Estate* to be served via this Court's CM/ECF system, electronic mail and/or first class mail, postage prepaid to the parties on the attached service list.

    HAROLD B. MURPHY,
    CHAPTER 7 TRUSTEE,

    By his attorneys,

    /s/ Michael K. O'Neil
    Andrew G. Lizotte (BBO No. 559609)
    Michael K. O'Neil (BBO No. 685025)
    MURPHY & KING, Professional Corporation
    One Beacon Street
    Boston, Massachusetts 02108-3107
    Tel:  (617) 423-0400
    Email: mko@murphyking.com

DATED:  May 6, 2014

**By ECF**

- Michael J. Fencer     mfencer@jagersmith.com, bankruptcy@jagersmith.com
- John Fitzgerald     USTPRegion01.BO.ECF@USDOJ.GOV
- Jonathan Horne     jhorne@jagersmith.com, bankruptcy@jagersmith.com
- Harold B. Murphy     mxc@hanify.com, ma33@ecfcbis.com
- David M. Nickless     dnickless.nandp@verizon.net
- Michael O'Neil     mko@murphyking.com, icm@murphyking.com
- Laura D. Sannicandro     bankruptcy@orlansmoran.com
- Jordan L. Shapiro     JSLAWMA@aol.com
- Bruce F. Smith     bsmith@jagersmith.com, bankruptcy@jagersmith.com