**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| STEVEN C. FUSTOLO, ) | Case No. 13-12692-JNF |
| ) | |
| Debtor. ) | |
| ) | |

**STIPULATION BY DEBTOR AND CHAPTER 7 TRUSTEE REGARDING**
**DEBTOR'S MOTION TO COMPEL ABANDONMENT**

This Stipulation is entered into on this 1st day of August, 2014 by and between Harold B. Murphy (the "Trustee"), the duly-appointed Chapter 7 trustee in the bankruptcy case and Steven C. Fustolo (the "Debtor"). The Trustee and the Debtor (sometimes collectively referred to as the "Parties") stipulate and agree as follows:

### RECITALS

A. On May 6, 2013 (the "Petition Date"), 50 Thomas Patton Drive, LLC, The Patriot Group, LLC and Richard Mayer commenced a bankruptcy proceeding by filing an involuntary petition against the Debtor for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code").

B. On December 16, 2013, the Court entered an order for relief under Chapter 7 of the Bankruptcy Code.

C. On or about December 19, 2013, the Trustee was duly appointed as Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate").

D. The Debtor owns four (4) residential condominiums located at 115 Salem Street, Boston Massachusetts (collectively the "Condos").

1

E. On April 22, 2014, the Debtor filed the *Debtor's Motion to Compel Abandonment of Residential Condominiums, to Pay Accrued but Unpaid Costs Incurred by Trustee to Date of Abandonment, and to Repair Health and Safety Code Violations in the Condominiums* (the "Motion to Compel") [docket no. 127] seeking an order of the Court directing the Trustee to, among other things, abandon the Estate's interest in the Condos.

F. On May 6, 2014, the Trustee filed a partial opposition to the Motion to Compel [docket no. 128] (the "Objection") along with a notice of intent to abandon [docket no. 129] two (2) of the Condos that the Trustee deemed burdensome to the Estate. The Trustee had not yet been able to gain access to the remaining two Condos (the "Remaining Units"). The Remaining Units are subject to a first mortgage held by HSBC and a second mortgage held by Jodi DiLorenzo.

G. The Court held an initial hearing on the Motion to Compel on May 28, 2014 and entered an order directing the Debtor to provide the Trustee access to the Remaining Units and directing the Trustee to thereafter communicate with the mortgagee of the Remaining Units to determine whether he wishes to pursue the Objection. The Court scheduled a continued hearing for June 25, 2014 and further continued the hearing to July 22, 2014 pursuant to a motion filed by the Trustee and assented-to by the Debtor to enable the Trustee to explore a possible sale with the mortgagees.

H. The Trustee has since (i) been granted access to the Remaining Units, (ii) obtained payoff quotes from HSBC for each of the Remaining Units, (iii) communicated with the HSBC regarding the potential for a sale of the Remaining Units in this bankruptcy case, and (iv) communicated with a broker regarding the values of the Remaining Units. Through this investigation, the Trustee has determined that there is very little, if any, equity in the Remaining Units over the payoff amounts for the first mortgages. The Trustee has further determined that the costs of selling the Remaining Units, along with resolving disputes with regard to any additional

2

encumbrances asserted as to the Remaining Units, would likely exceed the Estate's recovery from any sale of the Remaining Units.

    I.    The Parties have had discussions and exchanged information with regard to the Motion to Compel and have agreed to settle their dispute pursuant to the terms of this stipulation. The Trustee has filed, contemporaneously with this stipulation, a notice of intent to abandon the Remaining Units.

    **NOW THEREFORE,** the Parties hereby stipulate and agree, subject to the approval of the Court, as follows:

    1.    Subject only to state law governing the limitations of a landlord to access occupied rental property the Debtor shall be entitled to immediate access to the Remaining Units to take any and all action deemed by him to be necessary to maintain, clean, and/or repair the Remaining Units and shall further be entitled to receive all rental proceeds generated by the Remaining Units.

    2.    Upon the Court's approval of this Stipulation:

    a. the Remaining Units shall be deemed abandoned by the Trustee as of the date of this stipulation without further order or notice necessary beyond that provided by the Trustee's notice of intent to abandon.

    b. The Motion to Compel and the Objection shall be deemed withdrawn without further order of the Court or notice necessary and with prejudice to all parties in interest filing a motion for administrative expense or other pleading seeking payment of unpaid expenses during the Trustee's ownership; and

    c. Each of the Parties and their respective members, agents, attorneys, employees, officers, directors and shareholders, and all others claiming by, through, or under any or all of them, shall hereby remise, release and forever discharge each other and each of their respective members, agents, attorneys, employees, officers, directors and shareholders, from any and all claims, demands, causes of action, obligations, damages and liabilities of any nature whatsoever, whether in law or equity, known or unknown, disclosed or undisclosed, anticipated or unanticipated, asserted or unasserted, direct or indirect, contingent or liquidated that the Parties had or now have, or may

claim to have, from the beginning of the world to the date of this stipulation relating to the Condos, the Motion to Compel, and the Objection.

3. This Stipulation shall be binding upon and inure to the benefit of the Parties, and their respective administrators, representatives, successors and assigns.

4. This Stipulation constitutes the complete and exclusive agreement of the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous agreements and understandings, oral or written, between the Parties with respect to such subject matter.

5. The Parties acknowledge the resolution set forth in this Stipulation to be a consensual resolution. Nothing contained in this Stipulation shall be considered as an admission of liability or part or present wrongdoing by the Parties.

6. This Stipulation shall be governed by and construed in accordance with the substantive law of the Commonwealth of Massachusetts, and shall have the force and effect of an instrument executed and delivered under seal under the law of the Commonwealth of Massachusetts.

7. This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, and all such counterparts together shall constitute one and the same instrument. This Stipulation may be executed by facsimile, electronic mail, and/or portable document format (".pdf").

8. Each party represents and warrants that it has had an opportunity to fully review the provisions of this Stipulation with attorneys of its own choice as a result of which the Parties acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Stipulation, and (b)

4

that each party signing this Stipulation is entering into this Stipulation knowingly, voluntarily and of its own free will.

    9.    The Court shall retain jurisdiction to resolve any dispute arising under or in connection with this Stipulation.

    10.    This Stipulation shall have no force or effect unless it is approved by the Court.

| | |
|---|---|
| HAROLD B. MURPHY,<br>CHAPTER 7 TRUSTEE, | STEVEN C. FUSTOLO |
| By his attorneys, | By his attorneys |
| /s/ Michael K. O'Neil<br>Michael K. O'Neil (BBO No. 685025)<br>Murphy & King, Professional Corporation<br>One Beacon Street<br>Boston, Massachusetts 02108-3107<br>Tel:  (617) 423-0400<br>Email: moneil@murphyking.com | /s/ David M. Nickless*<br>David M. Nickless, Esq.<br>Nickless, Phillips and O'Connor<br>625 Main Street<br>Fitchburg, MA 01420<br>(978) 342-4590<br>dnickless.nandp@verizon.net |

Dated: August 1, 2014

*Executed pursuant to ECF Rule 8(b)(2).