## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| STEVEN C. FUSTOLO, ) | Case No. 13-12692-JNF |
| ) | |
| Debtor. ) | |
| ) | |

**OBJECTION BY CHAPTER 7 TRUSTEE TO CLAIM OF EXEMPTION
AND REQUEST FOR TURNOVER OF PROPERTY**

Harold B. Murphy, the duly appointed trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Steven C. Fustolo (the "Debtor"), respectfully files this objection to the claim of exemption asserted by the Debtor in his fifty percent (50%) interest in Atlas Garden Supply LLC (the "Atlas Interest") and request for turnover of property of the Estate to the Trustee. In further support of this objection and request for turnover of property, the Trustee states as follows:

**Background**

1. On May 6, 2013 (the "Petition Date"), 50 Thomas Patton Drive, LLC, The Patriot Group, LLC and Richard Mayer commenced a bankruptcy proceeding by filing an involuntary petition against the Debtor for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code").

2. On December 16, 2013, the Court entered an order for relief under Chapter 7 of the Bankruptcy Code. On or about December 19, 2013, the Trustee was appointed as Chapter 7 Trustee of the Estate.

3. On January 17, 2014, the Debtor filed his Schedules (as subsequently amended, the "Schedules"). The Schedules list the value of the Atlas Interest as unknown. The Debtor claims an exemption in $6,000 of the Atlas Interest pursuant to MGLA c. 235 § 34(17). Section

1

34(17) provides for the exemption in personal property not to exceed $1,000 plus up to $5,000 of any unused dollar amounts provided in certain other exemptions (the "Section 34(17) Exemption"). Based on the Schedules, the Debtor has $6,000 available to exempt personal property pursuant to the Section 34(17) Exemption.

4. On January 21, 2014, May 9, 2014, and July 16, 2014, the Trustee held a meeting of creditors and examination of the Debtor pursuant to Section 341 of the Bankruptcy Code (collectively the "341 Meeting"). At the 341 Meeting, the Trustee requested, and the Debtor provided, documents relating to the Atlas Interest and an accounting of distributions received by the Debtor on account of the Atlas Interest since the Petition Date.

5. Atlas Garden Supply LLC ("Atlas") owns an exclusive license to market and sell a patented garden rake (the "Rake"). Atlas entered certain sub-licensing agreements with respect to the Rake. A dispute arose between Atlas and the sub-licensees, and as part of a settlement agreement resolving the dispute, Atlas is entitled to royalty payments from sales of the Rake.

6. According to documentation provided by the Debtor, Atlas has made no less than two (2) distributions to the Debtor subsequent to the Petition Date. On August 15, 2013 the Debtor received $2,000; on November 12, 2013, the Debtor received $4,400, for a total of $6,400 received subsequent to the Petition Date on account of the Atlas Interest.

## Objection to Claim of Exemption

7. The Trustee objects to the Debtors' claim of exemption in the Atlas Interest to the extent the value of the Atlas Interest exceeds the $6,000 Section § 34(17) Exemption. On account of the Atlas Interest, the Debtor has, subsequent to the Petition Date, realized no less than $6,400. Accordingly, $400 and the Atlas Interest constitute property of the Estate to be administered by the Trustee for the benefit of the Debtors' creditors.

**Request for Turnover of Property**

8. Any postpetition distributions the Debtor received on account of the Atlas Interest in excess of the $6,000 Section 34(17) Exemption constitute property of the Estate. Accordingly, the Trustee requests that the Court enter an order requiring the Debtor to immediately turnover to the Trustee (i) $400 and any additional amounts over $6,000 the Debtor received postpetition on account of the Atlas Interest; and (ii) all documents and records in the Debtors' possession concerning Atlas.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order (a) sustaining the Trustee's objection to the Debtor's claim of exemption in the Atlas Interest; (b) directing the Debtor to immediately turnover to the Trustee (i) all funds the Debtor received postpetition on account of the Atlas Interest in excess of $6,000 and (ii) all documents and records in the Debtors' possession concerning Atlas; and (c) grant the Trustee such other and further relief as is just and proper.

HAROLD B. MURPHY,
CHAPTER 7 TRUSTEE

By his proposed counsel,

/s/ *Michael K. O'Neil*
Michael K. O'Neil (BBO # 685025)
MURPHY & KING
Professional Corporation
One Beacon Street
Boston, MA 02108
Tel: (617) 423-0400
Email: mko@murphyking.com

DATED: August 14, 2014
674277