UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re | ) |
|  | ) Chapter 7 |
| STEVEN C. FUSTOLO, | ) Case No. 13-12692-JNF |
|  | ) |
| Debtor. | ) |
|  | ) |

**PETITIONING CREDITORS' MOTION FOR ORDER
AUTHORIZING RULE 2004 EXAMINATION**

The Patriot Group, LLC ("Patriot"), 50 Thomas Patton Drive, LLC, and Richard Mayer (collectively, the "Petitioning Creditors") hereby move pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004") for an order authorizing the examination of Bruce Edmands, Esq. and the law firm of Edmands & Williams LLP (the "Examinees").

In support of this motion, the Petitioning Creditors state as follows:

*I. Background and Procedural History*

1. On May 6, 2013 the Petitioning Creditors commenced this proceeding by filing an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against the Debtor.

2. On December 16, 2013 the Court entered an order for relief adjudicating the Debtor a bankrupt under Chapter 7 of the Bankruptcy Code.

3. On December 19, 2013 Harold B. Murphy (the "Trustee") was duly appointed as Chapter 7 Trustee of the Debtor's Estate.

*II. Jurisdiction and Venue*

4. This Court has jurisdiction to hear and determine this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is Rule 2004.

5. Venue of this case and matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### *III. Nature of the Investigation Sought*

6. At his Rule 2004 examination on August 27, 2014, the Debtor testified that he could not recall any facts whatsoever, no matter how basic—and had not retained any documentation concerning—a purported "whistleblower" claim that he claims to have filed against Patriot, through the Examinees, with the Internal Revenue Service ("IRS") and the Securities and Exchange Commission ("SEC") as recently as May 2014. In addition, the Debtor has conceded through bankruptcy counsel that these alleged claims are assets of the Debtor's bankruptcy estate.[1] Given that the Debtor claims to have been unable to recall *any facts*, much less any specifics, of what he contends are valuable assets of his bankruptcy estate, the Petitioning Creditors seek to examine the Examinees about alleged facts and documents within their knowledge or possession concerning the alleged "whistleblower" claims, as well as copies of any documents that were, or were alleged to be transmitted to the IRS and the SEC.

7. Separate and apart from representing the Debtor, Attorney Edmands is the escrow agent for commercial real property located at 5 High Street, Medford, Massachusetts, of which the Debtor – and by extension, the Trustee -- is the ultimate equity owner. As a result, the Petitioning Creditors seek to examine Attorney Edmands concerning the Debtor's role and interest in the 5 High Street property, as well as the property handled by Attorney Edmands as escrow agent, and his involvement in transactions at that property.

---

[1] "MR. NICKLESS: For the record, that claim, whatever recovery may exist, is listed as an asset of the bankruptcy estate and we [sic] go to the bankruptcy trustee."  2004 Depo. Tr. 197:11-14.

### IV. Relief Requested

8. By this motion the Petitioning Creditors seek the entry of an order authorizing the Petitioning Creditors' examination of, and the production of documents and information by the Examinees.

### V. Basis for the Relief Requested

9. Rule 2004 provides that any party in interest may examine any entity upon order of the Court. Fed. R. Bankr. P. 2004(a). Such an examination may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b). Moreover, the scope of such an examination may be quite broad, as it is not limited by the restrictions of Rule 26 of the Federal Rules of Civil Procedure, and may thus be used for, among other purposes, "discovering assets and unearthing frauds." In re Duratech Industries, Inc., 241 B.R. 283, 289 (E.D.N.Y. 1999) (quoting In re GHR Energy Corp., 33 B.R. 451, 454 (Bankr. D. Mass. 1983)); accord In re Table Talk, Inc., 51 B.R. 143, 145 (Bankr. D. Mass. 1985). Even a debtor's attorneys are properly the subject of an examination conducted pursuant to Rule 2004 when those attorneys have knowledge of a debtor's business and financial affairs, or if those attorneys act beyond any role as counsel. See In Buick, 174 B.R. 299, 304 (Bankr. D. Colo. 1994).

10. Based upon the foregoing information and authority, the Petitioning Creditors submit that the Court should enter an order permitting the Petitioning Creditors, by their counsel, to examine the Examinees pursuant to Rule 2004.

11. The Petitioning Creditors may determine that additional persons or entities have other probative documents or information relating to the acts, conduct or property of the Debtor.

Accordingly, this motion is without prejudice to the Petitioning Creditors' right to move for subsequent orders under Rule 2004.

### *VI. Notice*

12. The Petitioning Creditors have served a copy of this motion upon the following persons and entities, and if known, their respective counsel: (i) the Office of the United States Trustee; (ii) the Debtor; (iii) the Trustee; (iv) the Examinees; and (v) all other parties requesting notice and service in the Debtor's case. The Petitioning Creditors submit that such service is good and sufficient under the circumstances, and that no other or further notice is required.

**WHEREFORE**, the Petitioning Creditors request that the Court enter an order authorizing the examination of the Examinees pursuant to Rule 2004, and granting to the Petitioning Creditors such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE PATRIOT GROUP, LLC, 50 THOMAS PATTON DRIVE, LLC and RICHARD MAYER

By their attorneys,

/s/ Jonathan M. Horne
Michael J. Fencer (BBO No. 648288)
Jonathan M. Horne (BBO No. 673098)
JAGER SMITH P.C.
One Financial Center
Boston, Massachusetts 02111
telephone: (617) 951-0500
facsimile: (617) 951-2414
email: mfencer@jagersmith.com
  jhorne@jagersmith.com

Dated: September 10, 2014

## CERTIFICATE OF SERVICE

I, Jonathan M. Horne, hereby certify that on the 10th day of September 2014 I caused a true and accurate copy of the foregoing document to be served via ECF upon all parties who are registered to receive electronic notice of filing in this proceeding, and via first class mail postage prepaid, upon the following:

Bruce Edmands, Esq.
Edmands & Williams LLP
Chatham Center, Suite 360
29 Crafts Street
Newton, Massachusetts 02458

/s/ Jonathan M. Horne

Jonathan M. Horne